UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYLVIA STRICKLAND, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-2834-B |
| | § | |
| WAL-MART STORES TEXAS LLC et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Sylvia Strickland's Motion to Remand (Doc. 5). For the following reasons, the Court **DENIES** Strickland's Motion to Remand.

I.

BACKGROUND

This is a slip and fall case. While at a Wal-Mart, Strickland fell in front of a Reddy Ice Machine and suffered injuries. Doc. 1, Ex. A-2, ¶ 18. She filed suit in state court against 10 defendants: Wal-Mart Stores Texas, LLC d/b/a Wal-Mart #211; Wal-Mart Real Estate Business Trust; Walmart, Inc.; Centerbridge Partners; Stone Canyon Industries Holdings, LLC; Reddy Ice, LLC; Reddy Ice Corporation; Reddy Ice Holdings, Inc.; Reddy Ice Group, Inc.; and Packaged Ice, Inc. *Id.* ¶¶ 3–12. Reddy Ice Holdings, Inc.; Reddy Ice Group, Inc.; and Packaged Ice, Inc., ("Texas Defendants") are citizens of Texas for diversity purposes. *Id.* ¶¶ 8–9, 11. All other defendants are not citizens of Texas for diversity purposes. *Id.* ¶¶ 3–12. Defendants removed this case to federal court, arguing that the Texas Defendants were improperly joined because they are defunct

corporations that no longer exist. Doc. 1, Notice Removal, ¶¶ 9–10, 12. Strickland has since settled with some of the defendants, leaving only Wal-Mart Stores Texas, LLC d/b/a Wal-Mart #211; Wal-Mart Real Estate Business Trust; and Walmart, Inc., as defendants in this lawsuit. Doc. 13, Notice of Settlement, 1. Strickland filed a Motion to Remand (Doc. 5). The Court considers the Motion below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quotations omitted). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* (quotations omitted). "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (internal quotation omitted).

A defendant may remove a case from state to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b); *see* 28 U.S.C. § 1332(a). District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity" means "that all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotations omitted).

III.

ANALYSIS

The Court **DENIES** Strickland's Motion to Remand because the Court has subject-matter jurisdiction. This is a diversity case. Doc. 1, Notice Removal, ¶ 17. The amount in controversy exceeds $75,000, *id.* ¶ 18, and complete diversity exists because the Texas Defendants were improperly joined. *See* 28 U.S.C. § 1332(a). The non-Texas defendants are citizens of Nevada, New York, California, and Arkansas for purposes of diversity jurisdiction. *Id.* ¶¶ 7, 11, 13–16. Strickland is a citizen of Texas, as she is domiciled in Texas. *Id.* ¶ 6. The Texas Defendants were citizens of Texas. *Id.* ¶¶ 9–10. The case lacks complete diversity if the Texas Defendants are proper defendants to this case because they share the same citizenship as Strickland.[1] *See McLaughlin*, 376 F.3d at 353.

A defendant may only remove a case to federal court if complete diversity exists at the time of removal. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). However, if a non-diverse party was improperly joined, a court may disregard it when analyzing complete diversity. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) ("The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity.") (citation omitted). The removing party carries the burden for establishing improper joinder, and it "is a heavy one." *Id.* The removing party must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quotation omitted). When, as here,

---

[1] Strickland has since settled with the Reddy Ice Defendants, so only the Wal-Mart Defendants remain. Doc. 13, Notice of Settlement. However, the Court must still consider the citizenships of the Reddy Ice Defendants because "subject-matter jurisdiction in diversity cases depends on the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 567 (2004).

the defendant argues the latter method, the test "is whether the defendant has demonstrated that . . . there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

To determine whether a plaintiff has a reasonable basis of recovery under state law, the court may either conduct a Rule 12(b)(6)-type analysis or in its discretion, pierce the pleadings and conduct a summary inquiry if a plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder. *Id.*

There is no reasonable basis of recovery from the Texas defendants because they were legally defunct at the time of Strickland's injury. Under Texas law, "[a] dissolved corporation is not liable for a post-dissolution claim." *Anderson Petro-Equip., Inc. v. State*, 317 S.W.3d 812, 817 (Tex. App.—Austin 2010, pet. denied); TEX. BUS. ORGS. CODE §§ 11.351, 11.357. Strickland alleges her cause of action occurred in October 2022. Doc. 1, Ex. A-1, ¶ 18. But the Texas Defendants have been defunct since at least 2019. To prove this, the Removing Defendants attached filings from the Secretary of State to show that the Texas Defendants are no longer legal entities. *See generally* Doc. 6-4. They also attached a declaration from the Corporate Risk and Litigation Manager from Reddy Ice, LLC, who attests that the Texas Defendants are all defunct legal entities that have not existed since at least 2019. Doc. 6-3, 1–2. Because the Texas Defendants were defunct at the time of Strickland's injury, the Court finds there is no possibility of recovery from the Texas Defendants. Thus, they were improperly joined.

Strickland does not rebut the Removing Defendants' factual allegations, but instead relies on a case that held that "if the Court finds that a corporation has been inactive for a 'substantial period of time,' then as a matter of law that corporation's only state of citizenship for diversity

purposes is the corporation's state of incorporation." Doc. 12, Resp., 9 (citing *Etradeshow.com, Inc. v. Neptopia Inc.*, No. 3:03-CV-1380-K, 2004 WL 515552, at *2 (N.D. Tex. Jan. 30, 2004) (Kinkeade, J.) (internal citation omitted)); Doc. 12, Resp., 2. However, that applies to corporations that are *inactive* but still legally exist. *Neptopia Inc.*, 2004 WL 515552, at *2. Here, the Texas defendants no longer legally exist and did not legally exist when Strickland was injured. And because they did not exist, there is no possibility of recovery from them. Accordingly, the Texas Defendants were improperly joined, and Strickland's Motion to Remand is **DENIED**.

## IV.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Strickland's Motion to Remand (Doc. 5).

**SO ORDERED.**

**SIGNED: March 31, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE